IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

2012 SEP 14  PM 2:36

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Gregory G. Richards
1375 Burke Ave.
Bronx, NY 10469

    Plaintiff.

-vs-

Roderick J. McDavis, President
Ohio University -Cutler Hall -108
Athens, Ohio 45701

and

Ryan Lombardi
Vice President Student Affairs
212 Cutler Hall
Athens, Ohio 45701

and

Kent Smith
For Vice President of Student Affairs
Langston University
102 Page Hall
Langston, OK 73050

and

Christopher Harris, J.D.
Director – of University Judiciaries
349 Baker University Center
Athens, Ohio 45801

and

Jessica White
University Judiciaries
349 Baker University Center
Athens, Ohio 45701

And

Case No.

(Jury Demand) 2:12cv-846

MAGISTRATE JUDGE KING

Unknown Ohio University
Judiciary Officials
349 Baker University Center
Athens, Ohio 45801

Defendants.

I. Preliminary Statement

1. In an effort to protect the constitutional rights of America's most valuable resources, its university students, against arbitrary and capricious actions of university officials, this suit is brought. This action arose when Plaintiff Richards was subjected to discipline as a result of vague and overbroad rules. In addition, by rule and verbally, Defendants' action substantially interfered with Plaintiff Richards' right to seek consultation, advice, and assistance of counsel.

2. As related to Plaintiff Richards, Defendants failed to adhere to Ohio Revised Code 3345.22 and provide notice and opportunity to have the assistance of counsel as well as a timely hearing when Defendants held a hearing on April 23, 2012. Instead, Defendants chose to provide an arbitrary and capricious hearing on that date, knowing that criminal charges were pending.

3. In Dixon v. Alabama, 294 F.2d 150 (5th Cir. 1961), a case similar to the case at bar, in that students were expelled from college based upon off campus criminal charges, even those school officials, in attempting to uphold the traditions of the segregated south, permitted the students to complete the semester as not to lose the credits already earned. Yet, these defendants of Ohio University suspended Plaintiff Richards one week before he was to graduate!

4. Defendants later during the graduation ceremonies on June 8-9, 2012 permitted Plaintiff Richards to participate and had sent his family an invitation to attend. Then, after the ceremonies in which defendants allowed him to participate and invited his family to attend, one

2

Defendant called the police and had him arrested right in front of his mother and other family members, claiming that he was trespassing.

5. Subsequently, in an untimely fashion and contrary to the fundamentals of due process, defendants held another disciplinary hearing on August 30, 2012, when they knew or should have known that pertinent witnesses or Mr. Richards (graduating class members among them), would not be available to aid in his defense concerning facts of his presence in the June 2012 ceremonies.

6. Moreover, defendants arbitrarily and capriciously denied Plaintiff Richards an continuance of the August 2012 hearing, so that he could be assisted by counsel in gathering evidence on his behalf.

In these modern times, students acquire vast loans which they will have to repay for most of their lives. Supreme Court Justice Clarence Thomas, for example, was still paying on his student loans after he was appointed to that Court. Parents work and save for 20 and 30 years in order to afford to send or aid their children in college. Students and parents plan and search for years for the right college and to prepare to be admitted. It takes no introduction in a complaint to know that when a student is expelled or suspended or even receives a bad mark on a college report or transcript, that it can have an adverse effect on that student for the <u>rest of his or her life.</u>

7. Understanding the above, all that is at stake in a disciplinary hearing, Plaintiff submits that due process requires that students' rights are protected, and not university officials holding disciplinary proceedings with an eye toward finding some legal avenue supporting suspension by affording trinkets of supposed due process.

8. Like <u>Dixon</u>, Defendants can say, "he was found guilty in a court of law," thus, "any

suspension order we give is justified." Like Moses, "justice justice thou pursue" teaches us that in the pursuit of justice, we must use just means. (Deuteronomy 16:20).

II. Jurisdiction and Venue

9. This actions is being filed pursuant to 28 U.S.C. 2201 requesting declaratory relief of violations of the First and Fourteenth Amendment to the United States Constitution. It is also being brought pursuant to 42 U.S.C. 1983. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1332 as to any state law claims.

10. Venue in the United States District Court, Southern District of Ohio, Eastern Division is proper pursuant to 28 U.S.C. 1391.

III. Parties

11. Plaintiff, Gregory Richards, is a suspended student of Ohio University. He is a resident of the Bronx, New York. He has been subjected to arbitrary and capricious disciplinary proceedings, devoid of due process of law and based upon overbroad and vague rules. He is entitled to the protections of the United States Constitution, and this Court's enforcement of said Constitution. He was to graduate on June 9, 2012.

12. Defendant Roderick J. McDavis, is the President and Chief Executive Officer of Ohio University. He is being sued in his official capacity only and for the purposes of declaratory and injunctive relief only. As President and Chief Executive Officer, he, upon being made aware, has a duty to abide by and enforce the federal and state law, code of conduct, United States Constitution in university disciplinary proceedings. In addition, he has a duty to correct any and all violations of federal and state law, code of conduct, and United States Constitution when applied in university disciplinary proceedings. Moreover, he has a duty to promulgate the rules and regulations governing the conduct of students and faculty in a manner that is not overbroad

4

and vague. Finally, he has a duty not to expel or suspend any student who is subjected to discipline as a result of unconstitutional disciplinary proceedings and overbroad and vague rules and regulations.

13. Defendant Ryan Lombardi is Vice President Student Affairs. He is being sued in his individual and official capacities. Upon being made aware of state and federal violations in disciplinary proceedings, he has a duty to abide by the Constitution of the United States and to correct any and all violations of the Constitution, state and federal laws, and code of conduct during the disciplinary process at Ohio University.

14. Kent Smith was the former Vice President of Student Affairs at Ohio University. He is being used in his individual and official capacities. He has a duty to abide by the Constitution of the United States and to correct any and all violations of the Constitution, state and federal laws, and code of conduct during the disciplinary process at Ohio University.

15. Christopher Harris is the Director of University Judiciaries at the Ohio University. He being made aware in the case at bar, had a duty to abide by the Constitution of the United States and to correct any and all violations of the Constitution, state and federal laws, and code of conduct during the disciplinary process at Ohio University. He is aware of the violations in Plaintiff's case but failed to correct the same.

16. Jessica White is an employee in the university judiciaries department. She has a duty to abide by the Constitution of the United States, state and federal laws, and the code of conduct of University. She participated in most of the violations at issue in this complaint.

17. Unknown Ohio University Judiciary Officials are those officials who participated in the violations at issue whether at the hearing or appellate level and failed to correct the same, but have not been discovered yet.

IV.     Facts

18.     Paragraphs 1 through 16 are respectively incorporated throughout this entire complaint as if fully rewritten.

19.     On February 27, 2012, a white student at Ohio University called Plaintiff Richards, a "nigger." When Plaintiff walked toward him to see if he heard him right, the student blew cigarette smoke into Plaintiff's face. Plaintiff immediately left the area. Later, at a local bar, the student pushed Plaintiff and someone else jumped on Plaintiff's back. At a B.P. Gas Station a block away, the student taunted Plaintiff using racial slurs in laughter.

20.     Upon belief and information most of the incident was digitally recorded, but only Plaintiff was charged in the Athens Municipal Court on February 27, 2012 and by Defendants.

21.     On or about March 15, 2012, in spite of the clear and mandatory language of R.C. 3345.22, Plaintiff was denied his right to counsel, a timely hearing, and other rights therein stated.

22.     Thereafter, on or about April 23, 2012, Defendants held a disciplinary hearing concerning the above stated incident. Again, in spite of the clear language of R.C. 3345.22, Plaintiff was denied his right to counsel, cross-examination, and clear notice of the charges against him.

23.     Also, on April 23, 2012, the judiciaries ordered that Plaintiff be suspended until December 2012.

24.     Thereafter, Defendant Smith upheld the decision of the judiciaries but reduced the suspension until the fall quarter (August 2012). However, Defendant Smith, being fully aware

6

Case: 2:12-cv-00846-EAS-NMK Doc #: 2 Filed: 09/14/12 Page: 7 of 15 PAGEID #: 8

that Plaintiff was due to graduate on June 9, 2012, ordered that the suspension shall began on June 1, 2012 - a mere week before completing final courses for graduation.

25. Later, Plaintiff brought the matter to Defendant Lombardi's attention via numerous writings. Defendant Lombardi failed to correct the suspension or suspension date.

26. Thereafter, Plaintiff was notified that he could participate in graduation ceremonies. Plaintiff's mother received a formal invitation (Attached).

27. Plaintiff, his mother and sister, arrived in Athens, Ohio, and on June 8, 2012, Plaintiff and his family went to the University Center for the ceremonies (kushinda , went with other graduates to line up to walk into the ball room and proceeded to seats in front of the stage). Also, on June 8, 2012, after signing in, University officials provided Plaintiff a paper <u>with his name on it</u> to give to officials on stage.

28. Still on June 8, 2012, Plaintiff walked with fellow students of the college of business and was seated right behind the speakers and Defendant Lombardi (who Plaintiff had been communicating with about the suspension). Defendant Lombardi spoke with Plaintiff and told him that he was sorry that he "could not help with the suspension." Plaintiff and Defendant Lombardi had additional conversation that evening. At no time did Defendant Lombardi or any other defendant or employee inform Plaintiff that was not supposed to participate or that he was trespassing.

29. To the contra, Plaintiff was permitted to participate in the ceremonies (festivities) on that date.

7

30. On June 9, 2012, Plaintiff marched with his graduating class. Defendant had not only permitted Plaintiff to march and invited his family to the ceremonies, but Defendants permitted Plaintiff to robe, sign-in, be seated and march, handing the official on stage the very prepared paper (with Plaintiff's name on it) to the official on stage.

31. Upon <u>leaving</u> the graduation ceremonies and university grounds with his mother and sister, Plaintiff was arrested by the police who said that they got a call that he was trespassing.

32. Later, Plaintiff learned that it was Defendant White who filed a criminal complaint against Plaintiff, when she knew or should have known that Plaintiff could not have participated in two-days of ceremonies without official permission.

33. Plaintiff was prosecuted in the Athens Municipal Court and due to the fact that he lives in New York and would not have had the means to travel back and forth to Athens to defend himself, pled "no contest" to the trespassing charge and was found guilty.

34. However, again, inconsistent with R.C. 3345.22, defendants, in spite of Plaintiff requesting an immediate university disciplinary hearing, failed to provide the protections in that statute, timely hearing, counsel, and even the right to consult with counsel.

35. In addition to not permitting Plaintiff the right to counsel, Defendants rule concerning Plaintiff's rights concerning counsel is so overbroad, vague, and ambiguous, that it impermissibly interfered with Plaintiff's right <u>to consult</u> with counsel concerning any disciplinary matter. Even when a person does not have a right to counsel, no rule should prohibit a citizen's right consult with counsel at anytime, anywhere, for any reason, as Defendants'.

36. Thereafter, while failing to provide a timely hearing, defendants scheduled a hearing for August 30, 2012 and abused its discretion in failing to grant Plaintiff, who by this time, contacted counsel, a continuance so that counsel could help him prepare for said hearing.

37. Upon belief and information, Defendants have a pattern of failing to grant continuance.

38. Defendants' actions were done with malicious intent, and defendants failed to provide Plaintiff a statement of the reasons for the disciplinary verdict and evidence relied upon.

## FIRST CAUSE OF ACTION

39. Defendants promulgation of vague and overbroad rules constitute a violation of the First and Fourteenth Amendments to the United States Constitution in that their rule concerning whom a student may consult for disciplinary proceedings excludes attorneys, whom even if no right to attorney representation exists, the right of consultation violations the above stated constitutional provisions.

## SECOND CAUSE OF ACTION

40. Defendants' actions of failing to adhere to R.C. 3345.22 in each or single disciplinary proceeding constitutes a violation of state law as well as the Fourteenth Amendment to the United States Constitution in that the statute created a protected liberty/property interest. Moreover, Defendants' delays in providing the hearings constituted a violation of the Fourteenth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

41. Defendants' actions of not permitting Plaintiff to be represented by counsel when pending criminal charges were pending violated the Fourteenth Amendment to the United States Constitution.

## FOURTH CAUSE OF ACTION

42. Defendants action of refusing to grant a continuance of the August 31, 2012 hearing, constituted a First and Fourteenth Amendment violation of the right to consult and seek the advice of counsel and a Fourteenth Amendment right to put on a defense (to be heard).

## FIFTH CAUSE OF ACTION

43. Defendants' failure to provide Plaintiff the reasons for the disciplinary verdict and evidence relied upon constitutes a violation of the Fourteenth Amendment to the United States Constitution.

V. Relief Sought

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff prays this Court:

A. To issue a declaratory judgment pursuant to 28 U.S.C. 2201 declaring the complained – of rule concerning representation at disciplinary hearings unconstitutional as vague and overbroad;

B. Issue an order declaring Defendants' denial of a continuance of the August 31, 2012 hearing, in violation of the First and Fourteenth Amendments to the United States Constitution;

C. Issue an order declaring Defendants' failure to abide by and adhere to R.C. 3345.22 in violation of that statute and in violation of the Fourteenth Amendment to the United States Constitution;

D. Issue an order declaring Defendants' action of delaying each or a single hearing as unconstitutional in violation of the Fourteenth Amendment to the United States Constitution.

E. Issue an order declaring Defendants' action of not permitting Counsel representation at Plaintiff's hearing unconstitutional and in violation of the Fourteenth Amendment;

F. Issue an order declaring Defendants failure to provide reasons for the verdict and the evidence relied upon as unconstitutional in violation of the Fourteenth Amendment to the United States Constitution.

G. Issue an order enjoining defendants from prohibiting Plaintiff from enrolling for the fall 2012 semester;

H. Order Defendants Smith, Lombardi, White and Harris to pay Plaintiff in an amount not less than the jurisdictional requirements for 28 U.S.C. 1332;

I. Issue an order awarding Plaintiff his attorney fees from individual defendants pursuant to 42 U.S. 1988.

I hereby verify that the foregoing is true and correct.

Gregory Richards

Respectfully submitted,

/Derek A. Farmer (0071654)
Farmer Law Offices
428 Beecher Rd., Suite C
Columbus, Ohio 43230

Phone: 614) 855-0123
Fax: (614) 855-2778
Email:attorneyderekfarmer@yahoo.com

11

F. Issue an order declaring Defendants failure to provide reasons for the verdict and the evidence relied upon as unconstitutional in violation of the Fourteenth Amendment to the United States Constitution.

G. Issue an order enjoining defendants from prohibiting Plaintiff from enrolling for the fall 2012 semester;

H. Order Defendants Smith, Lombardi, White and Harris to pay Plaintiff in an amount not less than the jurisdictional requirements for 28 U.S.C. 1332;

I. Issue an order awarding Plaintiff his attorney fees from individual defendants pursuant to 42 U.S. 1988.

I hereby verify that the foregoing is true and correct.

*Gregory Richards*
Gregory Richards

Respectfully submitted,

Derek A. Farmer (0071654)
Farmer Law Offices
428 Beecher Rd., Suite C
Columbus, Ohio 43230

Phone: 614) 855-0123
Fax: (614) 855-2778
Email:attorneyderekfarmer@yahoo.com

11

# FARMER LAW OFFICES
## DEREK A. FARMER
### ATTORNEY AT LAW

428 Beecher Road, Suite C, Gahanna, Ohio 43230
614.855-0123        614.855-2778 Fax

August 28, 2012

Roderick J. McDavis, President
Ohio University
Cutler Hall -108
Athens, Ohio 45701

                        Re:    Gregory G. Richards

Dear President McDavis:

Our office has been retained to represent Gregory G. Richards in a university disciplinary matter <u>and</u> seeing that he is immediately enrolled. Mr. Richards' suspension was modified by then Vice President Kent Smith so that Mr. Richards could be enrolled during this fall semester.

Upon receiving an invitation to walk with his graduating class, Mr. Richards showed up (from the Bronx, New York) with his family and, when his name was called, proudly walked across the stage, humbled and honored to be permitted to walk with his classmates. He, like all other graduates, checked-in and received his official name badge. He completed the entire ceremony on June 8, 2012 and even spoke with Vice President Lombardi. Likewise, on June 9, 2012, he checked-in, received his official badge, and walked across the stage and completed the ceremony. To his horror and the total embarrassment of his mother and other family members, officers approached him claiming that a trespass complaint had been lodged, and issued a summons. They arrested him and placed him in a parking garage.

Obviously, his family's receipt of the above mentioned invitation letter, his receipt of the badge, <u>being permitted</u> to march with his classmates (he could not participate on his own or without permission or invitation) coupled with his "checking-in" as all other students, would mitigate, if not fully negate any trespassing charges, if known by an impartial fact-finder.

I am prepared to address all concerns that relate to Mr. Richards or any other student being suspended <u>one week before he is to graduate</u>. Who is responsible for the costs involved in having to complete a semester over due to a suspension that occurred a week before graduation. He should have been permitted to complete his final week and disciplined some other way. More troubling is that this trespass via invitation occurred in June 2012 and he was not provided a hearing in compliance with due process, i.e., a timely hearing. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" <u>Mathews v. Eldridge</u> 380 U.S. 545, 552. Although he made requests for an earlier hearing, he was told that a hearing is scheduled for August 30th. Is this fair when almost all of his witnesses have graduated and live in different cities throughout the country?

"With God All Things Are Possible"

I would like for you to permit Mr. Richards to be allowed to immediately enroll in the few classes that he needs to graduate. Or, in the alternative, allow him to complete whatever was to be accomplished in the one week prior to his suspension, if that is possible. I would like to address each and every issue of concern, but I do not want it to interfere with this young man completing his education. This is why I am requesting that he be immediately enrolled which would give me a chance to bring all the issues to your or your designee's attention. Thank you for your time and consideration.

Because time is of the essence, your prompt reply is deeply appreciated.

Respectfully submitted,

Derek A. Farmer

Ohio University
College of Business
214 Copeland Hall
Athens, Ohio 45701

To The Parents Of
Gregory Richards
1375 Burke Ave
Bronx, NY 10469

*The College of Business*
*cordially invites you and your guests*
*to a Reception honoring*
*our Graduates*
*Saturday, June Ninth*
*immediately following the morning*
*Commencement Ceremony*
*Copeland Hall Lobby*